UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard L. Green, Sr., | Case No. 0:19-cv-02665-DSD-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ronald Eugene Green, | |
| Defendant. | |

This matter is before the Court under its responsibility for case management. The Plaintiff, Richard Green, Sr., filed his Complaint on October 7, 2019. [ECF No. 1.] On November 6, 2019, the Court Ordered Richard[1] to file a signed version of his application to proceed in forma pauperis ("IFP"). [ECF No. 3.] On December 2, 2019, the Court issued a recommendation that this case be dismissed without prejudice for failure to prosecute because Richard had not submitted a signed copy of his IFP application. [ECF No. 4.] Richard then filed an Amended Complaint and an amended IFP application on December 6, 2019, and the Court withdrew its report and recommendation. [ECF Nos. 5, 6, 7.]

On January 23, 2020, the Court granted Richard's amended IFP application and a notice of lawsuit and request for waiver of service was mailed to the Defendant, Ronald

---

[1] The Court refers to the Plaintiff by his first name rather than as Mr. Green because both the Plaintiff and the Defendant have the same last name. The Court will also refer to the Defendant by his first name, Ronald.

1

Eugene Green. [ECF Nos. 8, 10.] Ronald waived service through his counsel, Timothy Woessner, and filed an Answer on April 7, 2020. [ECF Nos. 12, 13.] Thereafter, the Court issued an Order requiring the parties to conduct a meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and file a joint Rule 26(f) report no later than May 8, 2020. [ECF No. 15.] In response, Mr. Woessner sent a request to Richard on April 23, 2020, seeking to schedule the Rule 26(f) conference, but Richard did not reply, and Mr. Woessner prepared the report without Richard's input. [ECF No. 16.]

On May 11, 2020, the Court set an initial telephonic pretrial conference for June 1, 2020 and mailed Richard a letter with the instructions for joining the phone conference. [ECF Nos. 17, 18.] On June 1, 2020, the Court held the pretrial conference by telephone, but only Mr. Woessner dialed in. Richard made no appearance. Indeed, Mr. Woessner indicated that he has had no communication with Richard at all. As a result, the Court issued an Order to Show Cause, which required Richard to respond in writing no later than June 22, 2020. [ECF No. 20.] In the written response, Richard was required to "provide good reasons why this case should not be dismissed for failure to prosecute, including any explanation for failing to engage in the Rule 26(f) conference and participate in the June 1, 2020 telephonic pretrial conference." [*Id.* at 3.] Finally, the Court warned that "[f]ailure to comply with this Order will result in the Court recommending that this matter be dismissed without prejudice for failure to prosecute." [*Id.*] Richard did not file a response by the June 22nd deadline and the Court has received no communication from him since.

A federal district court may dismiss an action *sua sponte* for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion."). Here, the Court concludes that this matter should be dismissed without prejudice because Richard has failed to prosecute his case. He initially failed to comply with a deadline set by the Court for submission of an amended IFP application, but later remedied that failure, prompting to Court to withdraw its earlier dismissal recommendation. Though Richard is a non-lawyer and is representing himself, the Court's earlier recommendation put him on notice that dismissal of his case was possible if he failed to comply with court-ordered deadlines. However, after he filed an amended IFP application and his Amended Complaint, Richard's only action in this case has been to return completed U.S. Marshal Service forms in February. He did not participate in the Rule 26(f) conference as required by the Court, nor did he respond to Mr. Woessner's request for a meeting. Richard has had no other contact with Mr. Woessner regarding the case, failed to appear for the telephonic pretrial conference on June 1st, and failed to comply with the Court's Order to Show Cause. He was warned again in the Order to Show Cause that failure to file a written response would result in a recommendation of dismissal for failure to prosecute.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to prosecute.

Date: July 30, 2020  *s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.